IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel

ROBERT A. GAINES, #38739-053
Full name & prison number
(if any) of Petitioner

v.

MICHAEL ZENK, et al.
Name of Respondent

CIVIL:
NO. 1:CV 01-0183

REF. CRIM. NO. 91-209 (M.D. North Carolina)

FILED
SCRANTON
JAN 29 2001
PER _____
DEPUTY CLERK

RECEIVED
SCRANTON
JAN 8 2001
MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

(PERSONS IN FEDERAL CUSTODY)

PETITION FOR WRIT OF HABEAS CORPUS

Instructions - READ CAREFULLY

1.  In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

2.  Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

3.  When the petition is completed, the <u>original and three copies</u> shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa. 18501.

    If you are unable to pay the $5.00 filing fee for this action, you may petition the court to proceed <u>in forma pauperis</u>. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

1. Place of detention  FCI ALLENWOOD, P.O.BOX, WHITE DEER, PA 17887

2. Name and location of court which imposed sentence  UNITED STATES DISTRICT COURT, NORTH CAROLINA

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a)  #91-209-09(G)

    (b)  NA

    (c)  NA

4. The date upon which sentence was imposed and the terms of the sentence:

    (a)  FEBRUARY 25, 92, LENGTH OF SENTENCE: 295 MONTHS (60 MONTHS FOR 924(c))

    (b)  NA

    (c)  NA

5. Check whether a finding of guilty was made

    (a) after a plea of guilty _____

    (b) After a plea of not guilty   X

    (c) after a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury   X

    (b) a judge without a jury _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?
        YES!

-2-

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

   i. _____FOURTH CIRCUIT COURT OF APPEALS_____

   ii. _____NA_____

   iii. _____NA_____

   (b) the result in each such court to which appealed:

   i. _____CONVICTIONS AND SENTENCES AFFIRMED_____

   ii. _____NA_____

   iii. _____NA_____

   (c) the date of each such result:

   i. _____NOVEMBER 28, 1994_____

   ii. _____NA_____

   iii. _____NA_____

   (d) if known, citations of any written opinions or orders entered pursuant to such results:

   i. _____NA_____

   ii. _____NA_____

   iii. _____NA_____

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

   (a) _THE GOVERNMENT FAILED TO PROVE EVERY ELEMENT OF THE CHARGED OFFENSES BASED ON APPRENDI V. NEW JERSEY._

   (b) _____NA_____

    (c)    NA

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

    (a) PETITIONER'S INDICTMENT CHARGED QUANTITY OF COCAINE BASE, AS AN ELEMENT OF THE CHARGED OFFENSES, TO BE PROVEN TO THE JURY. BUT THE COURT'S JURY INSTRUCTI[ON] REMOVED SUCH AN ELEMENT FROM THE JURY'S DOMAIN TO FIND. ACCORDINGLY, ONE OF TH[E] ESSENTIAL ELEMENTS OF THE CHARGED CRIME WAS NOT PROVEN TO THE JURY, WARRANTING A VACATUR OF THE CONVICTION OBTAINED.

    (b)    NA

    (c)    NA

Case 1:01-cv-00183-SHR-KH    Document 1    Filed 01/29/2001    Page 5 of 8

11. Have you filed previous petitions for habeas corpus motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

       YES

12. If you answered "yes" to (11), list with respect to each petition, motion or application

   (a) the specific nature thereof:

   i. INEFFECTIVE ASSISTANCE OF COUNSEL

   ii. SECOND OR SUCCESSIVE PETITION IN THE FOURTH CIRCUIT

   iii. NA

   (b) the name and location of the court in which each was filed.

   i. UNITED STATES DISTRICT COURT, NORTH CAROLINA

   ii. FOURTH CIRCUIT COURT OF APPEALS

   iii. NA

   (c) the disposition thereof:

   i. §2255 MOTION WAS DENIED BY THE DISTRICT COURT, AND AFFIRMED ON APP

   ii. APPLICATION FOR PERMISSION TO FILE SECOND §2255 MOTION WAS DENIED

   iii. NA

   (d) the date of each such disposition:

   i. NOVEMBER 13, 1998

   ii. NOVEMBER , 2000

   iii. NA

(e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

    i.   NA

    ii.   NA

    iii.   NA

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

(a) PETITIONER'S §2255 MOTION WAS DENIED, HOWEVER THE NEW CLAIMS RAISED HEREIN WERE NOT RAISED EARLIER BECAUSE THEY STEM FROM A NEW SUPREME COURT RULING THAT WAS HANDED DOWN SEVERAL YEARS AFTER PETITIONER'S INITIAL §2255 MOTION WAS CONCLUDED. SECTION 2255 MOTION IS INADEQUATE AND INEFFECTIVE TO TEST THE LEGALITY OF PETITIONER'S CONVICTION BECAUSE THE AEDPA IMPOSED A STRICT STANDARD THAT PREVENTS PETITIONER FROM PRESENTING HIS CASE UNDER §2255 MOTION WHERE HIS CONVICTION HAS BEEN QUESTIONED BY THE EARLIER PRACTICE OF THE GOVERNMENT OMITTING AN ESSENTIAL ELEMENT OF A CHARGED OFFENSE, TO WIT, DRUG QUANTITY. WHILE PETITIONER COULD NOT RAISE THIS IMPORTANT CLAIM UNDER SECTION 2255 MOTION, HIS CONVICTION REMAINS INVALID FOR VIOLATING HIS FIFTH AND SIXTH AMENDMENT RIGHTS TO THE CONSTITUTION. ACCORDINGLY, SECTION 2241 MOTION BECOMES THE ONLY REMEDY FOR PETITIONER TO HAVE THESE ERRORS CORRECTED

(PLEASE SEE THE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION)

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application:

    NO!

15. If you answered "yes" to (14), identify

   (a) which grounds have been previously presented:

   i. _____NONE_____

   ii. _____NONE_____

   iii. _____NONE_____

   (b) the proceedings in which each ground was raised:

   i. _____NONE_____

   ii. _____NONE_____

   iii. _____NONE_____

16. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea: __YES RMND ALXNDR__

   (b) your trial, if any: _____YES_____

   (c) your sentencing: _____YES_____

   (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

   _____YES_____

   (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:

   _____PRO SE_____

17. If you answered "yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   1. __RAYMOND ALEXANDER, ESQ.__

   __P.O. BOX 1258, GREENBORO, N.C. 27402__

ii. _SAME_

iii. _SAME_

(b) the proceedings at which each such attorney represented you:

1. _ARRAIGNMENT_

ii. _TRIAL_

iii _APPEAL_

18. If you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information (see instructions, page 1 of this form).

Executed at _FCI Allenwood White Deer PA_
Name of institution, city, state

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _1/4/01_
Date

_Robert A. Gaines_
Signature of Petitioner

-8-