IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ANDREW GAINES,    1:CV 01-0183

    Petitioner,    : Crim. No. 91-209-09
                             (M.D. North Carolina)

-vs-

MICHAEL ZENK, WARDEN OF
FCI ALLENWOOD, AND UNITED STATES
OF AMERICA,

    Respondents.

MEMORANDUM OF LAW IN SUPPORT
OF PETITION UNDER 28 U.S.C., §2241

    COMES NOW Robert Andrew Gaines, pro se, and hereby petitions this Honorable Court to grant a section 2241 relief based on the legal grounds as will be enumerated below.

BACKGROUND:

    Petitioner was tried and convicted in the middle district of North Carolina for alleged violation of 21 U.S.C., §§841(a)(1) and 841(b)(1)(A). The District Court there sentenced him to a term of imprisonment of 235 months. Direct appeal was affirmed, and Petitioner's section 2255 motion was denied, both in the district court and the appeals court. Petitioner filed a second or successive petition in the Fourth Circuit, raising an issue of Fifth and Sixth Amendment rights violations based on <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348(2000). The Fourth Circuit denied the motion without any comment. Petitioner, however, interprets such a denial as the Fourth Circuit not applying <u>Apprendi</u> retroactively to cases on collateral review.

    Because the Due Process and Sixth Amendment violations sustained by this Petitioner seriously call into question, the validity of Petitioner's convictions, his loss of liberty is unconstitutional. Furthermore, because the Anti-terrorism

-1-

and Effective Death Penalty Act ("AEDPA") restricts the scope of Section 2255 motions, and thus Petitioner's avenue of redress, then Section 2255 motion is "inadequate or ineffective" to test the legality of Petitioner's convictions. Accordingly, Petitioner's redress lies in Section 2241. See In Re Jones, 226 F.3d 328(4th Cir. 2000).

In Jones, the court joined ranks with the circuits that have observed that "...in a limited number of circumstances, like those present here, §2255 as amended by the AEDPA is inadequate or ineffective to test the legality of the detention of a federal prisoner." See Triestman v. United States, 124 F.3d 361(2nd Cir. 1997); In Re Davenport, 147 F.3d 605(7th Cir. 1998); In Re Dorsainvil, 119 F.3d 245(3rd Cir. 1997).

In United States v. Bailey, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed 2d 472 (1995), improper definition of "use" rendered convictions invalid, but that claim did not qualify for a second or successive petition under the AEDPA. Therefore, courts allowed such a claim to be brought under §2241. Here, removal of an essential element of an offense charged in an indictment, which clearly renders a conviction invalid, cannot be corrected under the restrictive AEDPA provisions. Therefore, Section 2241 is the appropriate and only available remedy to address the claim. See In Re Jones, supra. See also Harris v. United States, 119 F.Supp. 2d 458(D.N.J. 2000)(this court finds that petitioner's [Apprendi] claim is one of the few instances where Dorsainvil operates to permit a §2241 challenge to the lawfulness of a federal sentence, citing United States v. Brooks, 230 F.3d 643(3rd Cir. 2000).

Accordingly, Petitioner should be allowed to file his claim under section 2241. See Brooks ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain an earlier judicial correction of a fundamental defect in his conviction or sentecne because the law changed after

his first 2255 motion.") Id. @ 648.

ARGUMENT: PETITIONER'S CONVICTION MUST BE VACATED BECAUSE THE GOVERNMENT FAILED TO PROVE ONE OF THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED.

In Apprendi v. New Jersey, 120 S. Ct. 2348(2000), the Supreme Court held that any fact other than prior conviction that increases a defendant's statutory maximum penalty must be charged in the indictment, submitted to the jury and proved beyond a reasonable doubt. In Petitioner's case, it is clear that his indictment charged multi-ounces of cocaine base (crack). See attached indictment. It is also clear that the drug quantity was not proven to the jury beyond a reasonable doubt as was specifically charged under 21 U.S.C., §841(b)(1)(A). The jury instruction also did not apprise the jury of the essentiality of the proof of drug quantity beyond a reasonable doubt. This kind of error warrants a reversal of the conviction, where all the elements of the offense charged were not proved at trial beyond a reasonable doubt. See In Re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1078, 25 L. E d 2d 368(1970)(the Supreme Court has held that "Due Process Clause protects the accused of every fact necessary to constitute the crime with which he is charged.") See also United States v. Russell, 134 F.3d 171, 181-182(3rd Cir. 1998)(Same); Keeble v. United States, 36 L. Ed 2d 844(1973) ("if the prosecution has not established beyond a reasonable doubt every elements of the offense charged, and if no lesser included offense instruction is offered, the jury must as a theoretical matter, return a verdict of acquittal.")

Here, drug quantity, as a factor that can alter a defendant's statutory maximum, has been determined to be an essential element of the offense, of which if the jury failed to find multi-ounces of cocaine base, beyond a reasonable doubt, then Petitioner could have been acquitted, since there was no lesser included offense instruction (under 21 U.S.C., §841(b)(1)(C) of less than

-3-

4.9 grams of cocaine base) offered. Accordingly, the underlying conviction must be vacated, to be in tune with the teachings of Apprendi.

The Government may argue that Petitioner's sentence of 235 months on the drug counts did not exceed the maximum statutory punishment for charges under the lowest penalty prescribed under 21 U.S.C., §841(b) fof cocaine base, to wit, §841(b)(1)(C). However, Petitioner is squarely attacking his conviction based on the proof that was not met at his trial, requiring a complete vacatur of his conviction. But if for some strange reasons this court decides to consider such an argument under §841(b)(1)(C), then it should be noted that common sense dictates that if §841(b)(1)(A) deals with offenses involving 50 grams or more of cocaine base, and §841(b)(1)(B) deals with offenses involving 5 grams or more of cocaine base, then §841(b)(1)C) has to be for offenses involving 0 to 4.9 grams of cocaine base.

If Petitioner should be bunched up under §841(b)(1)(C), then his sentence should be achieved, under the Sentencing Guidelines, offense level 24 for 4.9 grams of cocaine base. This is so, because any quantity over 4.9 grams would lend the sentence within the ambit of a charge under §841(b)(1)(B), where quantity is an element and is required to be proved beyond a reasonable doubt to a jury. This will then mean that Petitioner's sentence would be offense level 24, at criminal history category I, to yield a sentencing range of 57-63 months.

There cannot be relevant conduct application to the ceiling provided by 21 U.S.C., §841(b)(1)(C) because if the quantity goes higher than 4.9 grams of cocaine base, as stated earlier, then it must be charged as §841(b)(1)(B), or §841(b)(1)(A), requiring a jury approval, which has not been done here.

Accordingly, this Court should vacate Petitioner's conviction, or alternatively

-4-

order him re-sentenced to 57-63 months.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

*Robert A. Gaines*
Robert A. Gaines, Pro Se
Petitioner

Certificate of Service
I certify that a true and correct copy of the within petition has been sent to the following:

United States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street
P.O.Box 11754
Harrisburg, PA 17108


Dated: 4 Day of Jan 2000

~~SEALED~~

Redacted

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREENSBORO DIVISION

FILED NOV 27 1991

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | |
| : | SUPERSEDING |
| JAMES SIDBERRY, : | CR-91-209-01-G |
| also known as "Killer," : | |
| ROOSEVELT BROADUS, : | CR-91-209-02-G |
| also known as "Supreme," : | |
| WILLIE PEARSON, : | |
| also known as "Michael Anderson": | CR-91-209-03-G |
| and "Red," : | |
| PATRICK P. PARET, : | CR-91-209-04-G |
| also known as "Big Knockout," : | |
| CATHERINE ANN HICKS : | CR-91-209-05-G |
| WILLIAM ROBERTSON, : | CR-91-209-06-G |
| also known as "William : | |
| Robinson," "Jerome Miles" and : | |
| "Wil," : | |
| DEXTER EMMANUEL HINTON : | CR-91-209-07-G |
| : | |
| ROBERT ANDREW GAINES, : | CR-91-209-09-G |
| also known as "Smokey" and : | |
| "Jamal Hall," : | |
| PATRICK RAY McCALL, JR., : | CR-91-209-10-G |
| also known as "Peppy Patrick Ray: | |
| McCall, Jr.," "Peppy McCall," : | |
| and "Sayyid Mohammed," : | |
| : | |
| ROBERT MICHAEL DONOVAN, : | CR-91-209-12-G |
| also known as "White Mike," : | |

The Grand Jury charges:

COUNT ONE

During the period from in or about mid-November, 1989, the exact date to the Grand Jurors unknown, and continuing up to and including the present, in the Middle District of North Carolina, the Southern District of New York, and elsewhere, JAMES SIDBERRY,

also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed,"

ROBERT MICHAEL DONOVAN, also known as "White Mike," and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate and agree together and with each other to commit offenses against the laws of the United States, that is:

1. To knowingly, intentionally, and unlawfully possess with intent to distribute multiple-ounce quantities of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

2. To knowingly, intentionally, and unlawfully distribute multiple-ounce quantities of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

- 2 -

COUNT TWO

On or about December 21, 1989, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," and ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," willfully, knowingly and intentionally did unlawfully possess with intent to distribute 49.2 grams (net weight) of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

COUNT THREE

On or about April 5, 1990, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," willfully, knowingly and intentionally did unlawfully attempt to possess with intent to distribute 106.4 grams (net weight) of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

- 3 -

## COUNT FOUR

On or about January 28, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," DEXTER EMMANUEL HINTON, and ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," during and in relation to a drug trafficking crime for which they could be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine base ("crack") and to distribute cocaine base ("crack"); and possession with intent to distribute cocaine base ("crack"), in violation of Title 21, United States Code, Sections 846 and 841(a)(1), did carry or use firearms, that is, an Olympic Arms, Model SAW-15, .223 caliber semi-automatic rifle, Serial Number 50102, and an Arms Corporation - Philippines, Model 30, 12-gauge shotgun, Serial Number A583623; in violation of Title 18, United States Code, Section 924(c)(1).

## COUNT FIVE

On or about February 26, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

- 4 -

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed,"

and ROBERT MICHAEL DONOVAN, also known as "White Mike," willfully, knowingly and intentionally did unlawfully possess with intent to distribute 88.4 grams (net weight) of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNT SIX

On or about March 1, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," and PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed," during and in relation to a drug trafficking crime for which they could be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine base ("crack") and to distribute cocaine base ("crack"); and possession with intent to distribute cocaine base ("crack"), in violation of Title 21, United

- 5 -

States Code, Sections 846 and 841(a)(1), did carry or use a firearm, that is, a Mossberg, Model 500, 12-gauge shotgun, Serial Number K812394; in violation of Title 18, United States Code, Section 924(c)(1).

COUNT SEVEN

On or about March 29, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed,"

and ROBERT MICHAEL DONOVAN, also known as "White Mike," willfully, knowingly and intentionally did unlawfully possess with intent to distribute 87.6 grams (net weight) of cocaine base ("crack"), a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

COUNT EIGHT

On or about September 13, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE

- 6 -

PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed,"

and ROBERT MICHAEL DONOVAN, also known as "White Mike," willfully, knowingly and intentionally did unlawfully possess with intent to distribute approximately 70 grams (gross weight) of cocaine, a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT NINE

On or about September 13, 1991, in the County of Guilford, in the Middle District of North Carolina, JAMES SIDBERRY, also known as "Killer," ROOSEVELT BROADUS, also known as "Supreme," WILLIE PEARSON, also known as "Michael Anderson" and "Red," PATRICK P. PARET, also known as "Big Knockout," CATHERINE ANN HICKS, WILLIAM ROBERTSON, also known as "William Robinson," "Jerome Miles" and "Wil," DEXTER EMMANUEL HINTON,

ROBERT ANDREW GAINES, also known as "Smokey" and "Jamal Hall," PATRICK RAY McCALL, JR., also known as "Peppy Patrick Ray McCall, Jr.," "Peppy McCall," and "Sayyid Mohammed," and

being

- 7 -

persons at least eighteen years of age, willfully, knowingly, and intentionally did unlawfully employ, hire, use, persuade, induce, or entice a person under eighteen years of age to violate Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute cocaine, a Schedule II, narcotic controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Sections 861(a)(1) and (b) and 841(b)(1)(C).

A TRUE BILL:

_____
FOREMAN

_____
DAVID B. SMITH
ASSISTANT UNITED STATES ATTORNEY
SENIOR LITIGATION COUNSEL
OCDETF ATTORNEY

_____
ROBERT H. EDMUNDS, JR.
UNITED STATES ATTORNEY

- 8 -