# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ANDREW GAINES,                 :

            Petitioner,    :         1:CV-01-183

    -vs-                              :   Crim. No. 91-209-09

MICHAEL ZENK,                         :         FILED
                                                HARRISBURG, PA
            Respondent.    :
                                                MAY 04 2001

                                                MARY E. D'ANDREA, CLERK
                                                    Deputy Clerk

### PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO § 2241 MOTION SUB JUDICE

    The government has responded to Petitioner's § 2241 motion, and has urged this Court to deny such a motion because the Fourth Circuit has denied Petitioner permission to file a second or successive petition raising <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000) claims.  This sort of reason could never be ground for a court to deny relief in a § 2241 proceeding.  What the Fourth Circuit court denial means is that Petitioner's claim could not be maintained under § 2255 motion.

    In fact, a court has had to deal with an <u>Apprendi</u> claim coming from a defendant out of the Fourth Circuit jurisdiction.  <u>See</u> <u>Harris v. United States</u>, 119 F. Supp. 2d 458(D.N.J. 2000).  There, Harris went through identical processes this Petitioner went through, including applying for permission to file a second or successive petition in the Fourth Circuit, which was denied without a comment. Nonetheless, the court in this jurisdiction, first denying his § 2241 motion, **on the merits,** and granting a certificate of appealability, later granted a motion for reconsideration.

1

Therefore, it should be evident that the Fourth Circuit's refusal to grant permission does not preclude this Petitioner from filing a § 2241 motion raising Apprendi claims.

The Harris court clearly stated that **"Supreme Court's Apprendi decision, requiring determination of certain sentence enhancement factors beyond reasonable doubt, was new interpretation of constitutional law, rendering pre-Apprendi defendant's remedy of motion to vacate or correct sentence 'inadequate or ineffective,' and thereby permitting habeas corpus challenge to lawfulness of his sentence."** Id., @460-61.

The court in Norton v. United States, 119 F.Supp. 2d 43(D. Mass. 2000) also opined that jurisdiction lied under § 2241 to discuss Apprendi claims---under the same reasoning of Harris.

On the merits of Petitioner's claims, the government argues that since Petitioner was not sentenced to over 240 months, no errors occurred. However, Petitioner's principal argument, which the government completely bypassed, was that since his indictment specifically charged quantity, and the court erroneously charged the jury not to determine it beyond a reasonable doubt, an essential element of the charged offense has been omitted, requiring a reversal of the conviction. See Petitioner's motion, @ 4:**"Petitioner is squarely attacking his conviction based on the proof that was not met at his trial, requiring a complete vacatur of his conviction."** See also United States v. Nordby, 225 F.3d 1053,1061(9th Cir. 2000).

In Nordby, the court held that when an element of the charged offense (quantity) is omitted, the conviction cannot stand, especially where the defendant contested the missing element, and produced

2

evidence sufficient to contradict the charge. This wisdom is gleaned from the Supreme Court's recent ruling in <u>Neder v. United States</u>, 527 U.S. 1(1999), on harmless error analysis of a missing element of a charge.

Petitioner vehemently contested the missing element here, to wit, quantity of drugs charged in the indictment. Accordingly, the underlying conviction must be vacated.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

*Robert A. Gaines*
Robert A. Gaines, Pro Se
Petitioner

Certificate of Service
I certify that a true and correct copy of the within motion has been sent to the following:

Matthew E. Haggerty, AUSA
United States Attorney's Office
228 Walnut Street, 2nd Floor
P.O.Box 11754
Harrisburg, PA 17108-1754

Dated: 29 day of April 2001