(11)
6/29/01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ANDREW GAINES,<br>Petitioner | : | CIVIL ACTION NO. 1:CV-01-0183 |
| | : | **FILED**<br>HARRISBURG, PA |
| v. | : | |
| | : | JUN 29 2001 |
| MICHAEL ZENK, ET AL.<br>Respondent | : | (Judge Rambo) |
| | : | MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

### MEMORANDUM AND ORDER

Robert Gaines, a federal prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on January 8, 2001. Gaines is currently confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI Allenwood"). Along with his petition, Gaines paid the required filing fee for a writ of habeas corpus. Named as respondents in the habeas petition are Michael Zenk, Warden of FCI Allenwood, and the United States of America.

In the habeas petition (Doc. No. 2, Mem. of Law in Sup. of Pet.), Gaines challenges his 1993 conviction and sentence in the United States District Court for the Middle District of North Carolina for various drug convictions. Petitioner relies upon Apprendi v. New Jersey, 530 U.S. 466 (2000), to challenge his conviction.

Within his memorandum, Petitioner admits that he filed a second or successive petition in the Fourth Circuit, "raising an issue of Fifth and Sixth Amendment rights violations based on" Apprendi. (Doc. 2, at 1.) Petitioner states that the Fourth Circuit denied the motion without any comment and that he "interprets such a denial as the Fourth Circuit not applying Apprendi retroactively to cases on collateral review." (Id.). Respondent contends that the petition

should be denied because the Fourth Circuit has already ruled Apprendi does not apply to Gaines by denying his Apprendi claim. (Doc. 8, at 5.)

Because the sole ground raised before this court has already been decided by the Fourth Circuit, the petition is dismissed pursuant to 28 U.S.C. § 2244(a). Even if the Fourth Circuit had not previously addressed the issue, this court would have agreed with the majority of courts who have found that Apprendi does not apply retroactively and dismissed the petition for failure to state a cause of action. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227 (9th Cir. 2000); Levan v. United States, 128 F.Supp.2d 270, 275-76 (E.D.Pa. 2001); United States v. Gibbs, 125 F.Supp.2d 700, 703 (E.D.Pa. 2000).

**NOW, THEREFORE, THIS** 29 **DAY OF JUNE, 2001,** for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. §2244(a).
2. The Clerk of Court is directed to close this case.
3. There is no basis for the issuance of a certificate of appealability.

6/29/01

SYLVIA H. RAMBO
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 29, 2001

Re: 1:01-cv-00183    Gaines v. Zenk

True and correct copies of the attached were mailed by the clerk to the following:

Robert A. Gaines
FCI-Allenwood
Medium Security Facility
#38739-053
P. O. Box 2000
White Deer, PA  17887

Matthew Edward Haggerty, Esq.
Office of the U.S. Attorney
309 Federal Building
Scranton, PA  18501

```
cc:
Judge                         (X)              (X) Pro Se Law Clerk
Magistrate Judge              ( )              ( ) INS
U.S. Marshal                  ( )              ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (X)
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )

Bankruptcy Court              ( )
Other_____      ( )
```

MARY E. D'ANDREA, Clerk

6/29/01