OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

| | FOR THE THIRD CIRCUIT | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | 21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4923 |

www.ca3.uscourts.gov

November 12, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 01-2902**
    **Gaines  vs. Zenk**
    **D. C. CIV. No. 01-cv-00183**

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   (X) We return herewith the certified record in the case(s).

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                     Very truly yours,
                                     MARCIA M. WALDRON
                                     Clerk

                               By:   Charlene Crisden
                                     Case Manager

Enclosure

cc:
   Mr. Robert A. Gaines
   Matthew E. Haggerty, Esq.

*J Rambo, PRSLCtHunter*

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2902

ROBERT A. GAINES,
          Appellant,

v.

MICHAEL ZENK, Warden; UNITED STATES
OF AMERICA

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00183)
District Judge: Honorable Sylvia H. Rambo

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B)
September 12, 2002

SCIRICA, AMBRO and GREENBERG, <u>CIRCUIT JUDGES</u>

## JUDGMENT

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the within appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

All of the above in accordance with the Opinion of the Court.

ATTEST:

*Kathleen [signature]*
Chief Deputy Clerk

Dated: September 18, 2002

FILED
HARRISBURG,
NOV 14 2002

Page 2

No. 01-2902

Gaines
  v.
Zenk, et al.

**Certified as a true copy and issued in lieu
of a formal mandate on November 12, 2002.**

**Teste:** *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2902

ROBERT A. GAINES,

                Appellant,

v.

MICHAEL ZENK, Warden; UNITED STATES
OF AMERICA

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00183)
District Judge: Honorable Sylvia H. Rambo

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B)
September 12, 2002

SCIRICA, AMBRO and GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed September 18, 2002)

OPINION

PER CURIAM

    Appellant Robert Gaines, who is presently confined at the Allenwood Federal

Correctional Institution in White Deer, Pennsylvania, was sentenced in United States

FILED
HARRISBURG, PA
NOV 14 2002
ANDREA, Cl
Per

District Court for the Middle District of North Carolina to 235 months imprisonment on one count of conspiracy to possess with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 846, and several counts of possession with intent to distribute crack cocaine and cocaine in violation of 21 U.S.C. § 841(a)(1).[1]

Gaines filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Middle District of North Carolina, which was denied on the merits in November 1998. The Court of Appeals for the Fourth Circuit denied a certificate of appealability in August 1999. On November 30, 2000, the Fourth Circuit denied Gaines' application to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

On January 29, 2001, Gaines filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, alleging that the jury was not instructed to determine the quantity of drugs involved in the offense beyond a reasonable doubt. His allegations were based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond* the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In an order entered on June 29, 2001, the District Court dismissed the habeas corpus petition. Gaines appeals and was granted leave to appeal in forma pauperis.

---

[1] Gaines also received a 5-year sentence for carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

2

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A motion under 28 U.S.C. § 2255, and not a habeas corpus petition under 28 U.S.C. § 2241, is the exclusive means to challenge a federal conviction or sentence. Gaines may not bring a second section 2255 motion unless a court of appeals authorizes it and there is no basis for doing here, as concluded by the Fourth Circuit. Moreover, section 2255 is not inadequate or ineffective so as to enable Gaines to resort to federal habeas corpus merely because he is unable to meet the stringent gatekeeping requirements for second or successive section 2255 motions.

The safety valve provided under 28 U.S.C. § 2255 is narrow. We held in United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000), that a petitioner cannot evade the gatekeeping requirements for second or successive section 2255 motions by filing a petition for writ of error coram nobis. See also United States v. Brooks, 230 F.3d 643, 646-49 (3d Cir. 2000) (federal habeas corpus petition may not be used to escape procedural limitations imposed by 28 U.S.C. § 2253(c)(2)), opinion sur panel rehearing, 245 F.3d 291 (3d Cir. 2001).

On the other hand, in In re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997), we held that a petitioner who asserted that his conviction was rendered invalid by Bailey v. United States, 516 U.S. 137 (1995), could seek relief under 28 U.S.C. § 2241 because the remedy by motion to vacate sentence was inadequate and ineffective. Unlike Bailey, Apprendi did not declare certain conduct, previously regarded as criminal, not criminal. It

3

addressed the burden of proof and the identity of the fact finder with respect to certain sentencing issues.

Nevertheless, we need not reach the question of whether 28 U.S.C. § 2241 is available to second or successive section 2255 movants who seek relief from their sentences under Apprendi, because Gaines' Apprendi claim has no merit. Where no specific amount of cocaine or cocaine base is found by the jury beyond a reasonable doubt, but there has been a violation of 21 U.S.C. § 841(a) or § 846, the standard statutory term of imprisonment is not more than twenty years under 21 U.S.C. § 841(b)(1)(C). See United States v. Vazquez, 271 F.3d 93, 98-99 (3d Cir. 2001) (in banc). Gaines' sentence of 235 months for the drug offenses does not exceed the applicable statutory maximum.

We will dismiss the appeal as frivolous.